IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AYYOUB S. AYYOUB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: |
| | ) | |
| UNITED AIRLINES, INC. | ) | JURY DEMANDED |
| | ) | |
| Defendant. | | |

## COMPLAINT

Plaintiff, AYYOUB S. AYYOUB, by and through his Attorneys, Krzak Rundio Law Group, LLC, complaining of Defendant, UNITED AIRLINES, INC., states as follows:

## PARTIES

1. Plaintiff, Ayyoub S. Ayyoub, is a citizen of the United States and resident of the State of California.

2. At all times relevant hereto, Defendant, UNITED AIRLINES, INC., was an airline common carrier for hire.

3. At all times relevant hereto, Defendant, UNITED AIRLINES, INC., was a corporation incorporated in the State of Delaware and has its principal place of business in and is a resident of the State of Illinois, County of Cook.

4. On or about July 19, 2019, Defendant, UNITED AIRLINES, INC., operated said business and offered flights, including international flights out of airports throughout the United States, including O'Hare International Airport (ORD) in Chicago, Illinois and San Francisco International Airport (SFO), in San Francisco, California.

5. On or about July 19, 2019, Plaintiff, Ayyoub S. Ayyoub, was the bearer of a United Airlines issued round-trip ticket from San Francisco International Airport (SFO), in

San Francisco, California, United States to Queen Alia International Airport (AMM), in Aman, Jordan, with a stop/connecting flight at the Frankfort International Airport (FRA) in Frankfort, Germany and other connecting flights at the Vienna International Airport, (VIE), in Vienna, Austria, at Zurich Airport (ZRH), in Zurich, Switzerland, as well as a return flight from Zurich, Switzerland (ZRH) back to San Francisco, California (SFO), United States.

6. At all times relevant hereto, the contract of carriage which Ayyoub S. Ayyoub was flying listed his origin and ultimate destination as the United States of America, San Francisco, California with intermediate stopping points in Germany, Austria, Jordan and Switzerland.

7. Prior to July 19, 2019, Plaintiff, Ayyoub S. Ayyoub, purchased the round-trip ticket from San Francisco International Airport (SFO), in San Francisco, California, United States to Queen Alia International Airport (AMM), in Aman, Jordan, with a stop/connecting flight at the Frankfort International Airport (FRA) in Frankfort, Germany and other connecting flights at the Vienna International Airport, (VIE), in Vienna, Austria, at Zurich Airport (ZRH), in Zurich, Switzerland, as well as a return flight from Zurich, Switzerland (ZRH) back to San Francisco, California (SFO), United States, from the UNITED AIRLINES web-site while he was in the United States.

8. Defendant, UNITED AIRLINES, INC., is a United States domestic corporation organized and existing under the laws of the State of Delaware with its' principal offices and place of business in Chicago, Illinois.

9. At all times relevant hereto, Defendant, UNITED AIRLINES, INC., provided services to destinations and terminals located in the United States and had offices, locations or

terminals within the United States and at numerous locations in the Untied States locations and airports, including Chicago's O'Hare International Airport (ORD) and San Francisco International Airport (SFO) and many other locations throughout the United States.

10. At all times relevant hereto, Defendant, UNITED AIRLINES, INC., operated services for the carriage of passengers by air, either on its' own aircraft or on another carrier's aircraft pursuant to a commercial agreement to and from the United States.

**JURISDICTION AND VENUE**

11. At all times alleged herein, The United States was a party to the international treaty for the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada on May 28, 1999 (hereinafter "Montreal Convention"), having acceded on September 5, 2003 and taking effect on November 4, 2003.

12. At all times alleged herein, Jordan was a party to the Montreal Convention, having acceded on April 12, 2002 and taking effect on April November 4, 2003.

13. At all times alleged herein, Austria was a party to the Montreal Convention, having acceded on April 29, 2004 and taking effect on June 28, 2004.

14. At all times alleged herein, Germany was a party to the Montreal Convention, having acceded on April 29, 2004 and taking effect on June 28, 2004.

15. At all times alleged herein, Switzerland was a party to the Montreal Convention, having acceded on July 7, 2005 and taking effect on September 5, 2005.

16. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The claim of Plaintiff Ayyoub S. Ayyoub arises under an international treaty, the Montreal Convention or one of its predecessor conventions.

17. The Montreal Convention confers jurisdiction to the United States Courts for aviation incidents before the court of the domicile of the carrier or its principal place of business. *See* Art. 33(1).

18. The principal place of business of UNITED AIRLINES, INC. is Chicago, Illinois.

19. The Montreal Convention confers jurisdiction to the United States courts for aviation incidents at the place of destination. *See* Art. 33(1) of the Montreal Convention.

20. The ticket for international carriage upon which Ayyoub S. Ayyoub was traveling on had its initial boarding and ultimate place of destination in the United States.

21. The Montreal Convention confers jurisdiction to the United States courts for aviation incidents where the airline has a place of business through which the contract has been made in the United States. *See* Art. 33(1) of the Montreal Convention.

22. The ticket for international carriage by air of Plaintiff Ayyoub S. Ayyoub was purchased by Ayyoub S. Ayyoub in the United States through the UNITED AIRLINES web-site.

23. The Montreal Convention confers jurisdiction upon the United States for aviation incidents where the injured passenger has his/her principal and permanent residence in the United States and where the airline operates services for carriage of passengers either on its own aircraft or on another carrier's aircraft pursuant to an agreement with other carriers in the United States. *See* Art. 33(2) of the Montreal Convention.

24. At all times alleged herein, Defendant, UNITED AIRLINES, INC., intentionally and purposely operated services of passengers by air in the United States, including in the State of Illinois and State of California and in this Judicial District as well as other

cities in the United States, either by itself or through commercial agreements with other carriers.

25. At all times relevant hereto, Defendant, UNITED AIRLINES, INC., conducted its business of carriage of passengers by air from premises leased or owned by UNITED AIRLINES, INC., itself or by another carrier with which it has a commercial agreement, in the United States, including in the State of Illinois and the State of California and in this Judicial District as well as other cities in the United States.

26. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff, Ayyoub A. Ayyoub, is a citizen and resident of the State of California, United States. Defendant, United Airlines, Inc., is a foreign corporation organized and existing under the laws of the State of Delaware with its' principal offices in Chicago, Illinois.

27. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

28. Venue is proper based on 28 U.S.C. § 1391(b)(1) because at all times relevant hereto, Defendant, United Airlines, Inc., had its' principal place of business in Chicago, Illinois.

29. Venue is also properly based on Article 33 of the Montreal Convention because the principal place of business of Defendant, UNITED AIRLINES, INC. is Chicago, Illinois.

**GENERAL ALLEGATIONS**

30. On July 19, 2019, while Ayyoub S. Ayyoub was a fare-paying passenger engaged in his international round-trip transportation, Defendant, UNITED AIRLINES, INC., operated United Airlines Flight No. UA926 during the first flight of the trip from San

Francisco, California (SFO) to Frankfurt, Germany (FRA). Said flight was part of the round-trip international contract of carriage on which Plaintiff was traveling on.

31. On July 19, 2019, while a fare-paying passenger on board United Airlines Flight No. UA926, from San Francisco, California (SFO) to Frankfurt, Germany (FRA) Plaintiff, Ayyoub S. Ayyoub received injuries to his person when a flight attendant improperly forced an overhead bin closed during the boarding process that a passenger was struggling to stuff items into. On take-off the bin opened up, and the contents, including a heavy suitcase, were propelled toward and struck the Plaintiff in the head and neck, causing serious, permanent injuries. Said flight was part of the round-trip international contract of carriage on which the Plaintiff was traveling on.

32. As a direct and proximate result of the conduct of Defendant, United Airlines, Inc., Plaintiff, Ayyoub S. Ayyoub, sustained injuries of a personal, permanent and pecuniary nature.

## COUNT I

## MONTREAL CONVENTION

33. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 32, as if fully set forth herein.

34. On information and belief, at the time of his injury, Plaintiff Ayyoub S. Ayyoub was engaged in international carriage by air as defined in Article 1(2) of the Montreal Convention and the same is therefore applicable to this action pursuant to Articles 1, 17 and 33 and all other relevant provisions of the Montreal Convention.

35. At all times relevant hereto, Defendant, UNITED AIRLINES, INC., was the carrier who was providing international carriage by air to the Plaintiff, Ayyoub S. Ayyoub under the terms of the Montreal Convention.

36. Article 17(1) of the Montreal Convention states:

    > The carrier is liable for damages sustained in the case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

37. The forcing closed of an overloaded overhead bin during the boarding process prior to take-off which bin subsequently opened upon take-off with the contents of the overhead bin, including a heavy suitcase, falling and striking the Plaintiff in the head and neck. was an "accident" within the meaning of Article 17(1) of the Montreal Convention.

38. As a direct and proximate result of the aforesaid accident, Plaintiff, Ayyoub S. Ayyoub, sustained injuries of a personal, pecuniary and permanent nature, including but not limited to cervical disk injuries.

39. Defendant, UNITED AIRLINES, INC., is strictly liable for the injuries the Plaintiff sustained in the course of international carriage by air under the terms of the Montreal Convention.

40. Defendant, UNITED AIRLINES, INC., may not limit its liability for the first 113,000 Special Drawing Rights (increased to 128,821, effective December 28, 2019) for Plaintiff, Ayyoub S. Ayyoub. *See* Art. 21(1) of the Montreal Convention.

41. For liability in amounts exceeding 113,000 Special Drawing Rights (increased to 128,821, effective December 28, 2019), Defendant, UNITED AIRLINES, INC., has the burden to prove the injuries of Ayyoub S. Ayyoub were not caused by its negligence or other wrongful act or omission. *See* Art. 21(2) of the Montreal Convention.

**WHEREFORE,** Plaintiff demands judgment against Defendant, UNITED AIRLINES, INC., as follows:

A. All available damages for injuries and losses sustained by Plaintiff, Ayyoub S. Ayyoub;

B. Compensatory damages available for injuries and losses sustained by Plaintiff, Ayyoub S. Ayyoub;

C. Any and all economic and non-economic and compensatory damages available under the Montreal Convention;

D. Costs and disbursements;

E. That all issues of fact in this matter be determined by a jury; and

F. Any such other relief as the Court deems proper.

Dated: May 22, 2020                                      Respectfully submitted,

/s/ Michael S. Krzak_____
One of the Attorneys for Plaintiff
Ayyoub S. Ayyoub

Michael S. Krzak
Krzak Rundio Law Group, LLC
30 N. LaSalle, Suite 4020
Chicago, IL 60602
Telephone: 312.736.1111
Facsimile: 312.736.1112
E-Mail: Mike@krlawgroup.com
Illinois ARDC No.: 6243295